IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FREDERICK WATSON, ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:21-CV-135-K (BH) |
| ) | |
| JUDITH KIMUTAI, et al. ) | |
| ) | |
| Defendants. ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the plaintiff's federal claims should be **DISMISSED** with prejudice for failure to state a claim, and his remaining state law claim should be **DISMISSED** without prejudice to pursuing it in state court.

**I. BACKGROUND**

Frederick Watson (Plaintiff), an inmate in the Texas Department of Criminal Justice, filed a "Complaint for Negligence" in relation to a 2019 vehicular collision. (doc.3.)[2] He claims that Judith Kimutai (Defendant) drove her vehicle into a vehicle in which he was a passenger, injuring him. (*Id.* at 2-3.) He sues Defendant; the policy holder for the vehicle she was driving, Frederick Kiplangat (Policy Holder); the insurer of that vehicle, Geico Insurance Company (Insurer); and his own insurance carrier, American Access Insurance Company. (*Id.* at 3.) Plaintiff seeks $412,000 for lost wages, past medical expenses, "mental health," and future medical expenses. (*Id.* at 4.)[3]

Plaintiff alleges that Defendant violated his First and Eighth Amendment rights through her

---

[1] By *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for findings, conclusions, and recommendation.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[3] Attached to the complaint are (1) communications between Plaintiff and his former attorney relating to the 2019 accident; (2) settlement negotiations between Insurer and Plaintiff's former attorney; and (3) other communications between Insurer and Plaintiff's former attorney. (*See* doc. 3 at 7-74.)

negligence and "retaliation", and that she conspired to obtain a settlement with entities under color of state law and retaliated against him. (doc. 10 at 2, 4.) He claims that Insurer violated his First, Fifth, Sixth, and Fourteenth Amendment rights and conspired against him because it interfered with his ability to communicate with his attorney and also failed to make him "whole again" through an adequate settlement offer. (*Id.* at 6.) Plaintiff claims that his own insurance company is liable for the same reasons, and also because it "entwined" with his attorney and Insurer and ignored his requests. (*Id.* at 9.) He claims that he "made arrangements" to settle his claim with Insurer, that he had not received payment despite sending it an executed release, and that he would withdraw his claims against all the defendants once he received payment. (*See* doc. 17; doc. 19.)

## II. PRELIMINARY SCREENING

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 1915(e)(2). Section 1915(e)(2)(B) provides for *sua sponte* dismissal of the complaint, or of any part of it, if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The analysis for determining whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is the same one employed under Fed. R. Civ. P. 12(b)(6). *See Fierro v. Knight*

2

*Transp.*, No. EP-12-CV-218-DCG, 2012 EL 4321304, at *7 (W.D. Tex. Sept. 18, 2011), slip copy, (citing *Hale v. King*, 642 F.3d 492, 497 (5th Cir. 2011) (per curiam)) (applying the same standard of review applicable to dismissals under Rule 12(b)(6) for screening dismissals under § 1915(e)(2)(B)(ii)); *Holt v. Imam*, NO. C-07-406, 2008 WL 1782351, at *2 (S.D. Tex. Apr. 17, 2008) (citing *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998)) (noting that § 1915A(b)(1), § 1915(e)(2)(B)(ii), and Rule 12(b)(6) all employ the same language—"failure to state a claim upon which relief may be granted"). Under Rule 12(b)(6), a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). "[P]leadings" for purposes of a motion to dismiss include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196.

"[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Id.*; *accord Iqbal*, 556 U.S. at 678.

### III. SECTION 1983

3

Plaintiff expressly sues the defendants under 42 U.S.C. § 1983 for violating his constitutional rights under color of state law.[4] Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, a plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).[5]

Here, Plaintiff has failed to plausibly allege that any of the named defendants, who all appear to be private individuals and companies, acted under color of state law. He claims only that they acted "through the Tex. Dept. of Ins". (doc. 10 at 10.)[6] State regulation of the insurance industry is not enough to establish state action. "In cases involving extensive state regulation of private activity, [the Supreme Court has] consistently held that '[t]he mere fact that a business is subject to

---

[4] Plaintiff's answers to a magistrate judge questionnaire constitute an amendment to his complaint. *See Macias v. Raul A. (Unkown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994)

[5] "A case becomes moot...when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quotation marks omitted). This happens "when it is imposible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Servs. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012) (quotation marks and alteration omitted). "Generally speaking, a settlement can moot a dispute." *Green Valley Special Utitlity Dist. v. City of Schertz, Tex.*, 969 F.3d 460, 469 (5th Cir. 2020) (citing *Commonwealth Oil Ref. Co. v. EPA (in re Commonwealth Oil Ref. Co.)*, 805 F.2d 1175, 1181 (5th Cir. 1986)) (further citation omitted). Whether a settlement moots a dispute or claim should be answered according to the intent of the parties and more general contract principles. *See* 13B Wright & Miller, FEDERAL PRACTICE AND PROCEDURE § 3533.2 (3d ed. 2008). Although Plaintiff's filings allege that he sought to settle his claims, (*see* docs. 17, 19), they do not allege that he actually entered into a settlement, so it does not appear that his claims are moot.

[6] Plaintiff provides no other allegations to bolster this conclusory assertion. Conclusory allegations are not accepted as true for purposes of the failure-to-state-a-claim analysis. *See Cavada v. Bank of America, N.A.*, A-14-CV-275 LY, 2014 WL 1287689, at *4 (W.D. Tex. Apr. 24, 2014), *rec. accepted* 2014 WL 12874063 (W.D. Tex. June 25, 2014) ("The Fifth Circuit has repeatedly stated courts need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions in reviewing a motion to dismiss under Rule 12(b)(6).") (collecting cases).

state regulation does not by itself convert its action into that of the State for purposes of the Fourteenth Amendment.'" *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 52 (1999) (citing *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 350 (1974); *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)). Private insurers will therefore not be held to constitutional standards unless "'there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself.'" *Id.* (citation omitted). Whether the requisite nexus exists depends on whether the State "has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." *Blum*, 457 U.S. at 1004 (citing *Flagg Bros., Inc.*, 436 U.S. at 166; *Jackson*, 419 U.S. at 357; *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 173 (1972); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 170 (1970)).

    Plaintiff fails to establish that kind of nexus here. He claims that the defendant insurance companies failed to provide him with an adequate settlement after the accident and interfered with his ability to communicate with his attorney. (doc. 10 at 6, 9.) He does not allege that the Texas Department of Insurance was involved, however, or that it "exercised coercive power" or "provided such significant encouragement, either overt or covert, that the choice must in law be deemed that of the State." *Blum*, 457 U.S. at 1004.

    Plaintiff also alleges a conspiracy. A private party can act under color of state law where the private party conspires with or acts in concert with state actors. *See Priester v. Lowndes Cnty.*, 354 F.3d 414 (5th Cir. 2004). "The plaintiff must allege: (1) an agreement between the private and public defendants to commit an illegal act, and (2) a deprivation of constitutional rights." *Herndon v. Scottrade*, No. 3:17-CV-3465-B-BH, 2018 WL 5115077, at *2 (N.D. Tex. Sept. 24, 2018), *rec.*

*accepted*, 2018 WL 5113168 (N.D. Tex. Oct. 19, 2018). Bare allegations of conspiracy, such as those in this case, are insufficient to state a § 1983 claim. *Chaney v. Races & Aces*, 590 F. App'x 327, 329-30 (5th Cir. 2014) (per curiam) (citation omitted).

In conclusion, Plaintiff fails to plausibly allege that any defendant acted under color of state law, so his § 1983 claims should be dismissed with prejudice for failure to state a claim.

### IV. STATE LAW CLAIMS

Plaintiff also asserts a state law negligence claim against all the defendants. (*See* doc. 3.) However, federal courts have no original jurisdiction over state law claims in the absence of diversity jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction is proper only when complete diversity exists between the parties and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." *See* 28 U.S.C. § 1332(a). "Complete diversity" means that a plaintiff may not share citizenship with any defednant. *Whalen v. Carter*, 954 F.3d 1087, 1094 (5th Cir. 1992). A party asserting diversity jurisdiction must "distinctly and affirmativley" allege the citizenship of the parties. *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *McGovern v. Am. Airlines, Inc.*, 511 F.2d 803, 805 (5th Cir. 1991)). As the party seeking to invoke federal jurisdiction in this case, the plaintiff has the burden to show that diversity jurisdiction exists. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991).

Here, Plainiff alleges that he is a citizen of Texas and that both Defendant and Policy Holder are also citizens of Texas. (doc. 10 at 2, 4.) He has therefore not met his burden to show that complete diversity exists between the parties, so diversity jurisdiction does not exist. *See Dupre v. University Healthcare Sys. L.C.*, 273 F.3d 1103 (5th Cir. 2001) (dismissing suit for lack of subject-matter jurisdiction where all parties were residents of same state); *see also Corfield v. Dallas Glen*

6

*Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) ("It is well-established that the diversity statute requires 'complete diversity' of citizenship: A district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants.") (citing *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806); *Mas v. Perry*, 489 F.2d 1396, 1398-99 (5th Cir. 1974)).

Nevertheless, under 28 U.S.C. § 1367(a), federal courts "have supplemental jurisdiction over all other claims that are so related to claims in the action within [its] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). In essence, § 1367(a) grants courts the "power to hear a state law claim under pendant or supplemental jurisdiction if (1) the federal issues are substantial, even if subsequently decided adverse to the party claiming it; and (2) the state and federal claims derive from a common nucleaus of operative fact." *McKee v. Texas Star Salon, LLC*, No. CIV.A.3:06-CV-879BH, 2007 WL 2381246, at *4 (N.D. Tex. Aug. 21, 2007) (citations omitted); *see United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966); *Heaton v. Monogram Credit Card Bank*, 231 F.3d 994, 997 (5th Cir. 2000).

When all federal claims are dismissed prior to trial, the general rule in this circuit is to decline exercising jurisdiction over the remaining state law claims. *LaPorte Constr. Co. v. Bayshore Nat'l Bank*, 805 F.2d 1254, 1257 (5th Cir. 1986); *see also* 28 U.S.C. § 1367(c)(3).[7] This rule is

---

[7] Under § 1367(c), a court may decline to exercise supplemental jurisdiction over a state claim if:

(1) the claim raises a novel or complex issue of law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

7

"neither mandatory nor absolute." *Smith v. Amedisys Inc.*, 298 F.3d 434, 447 (5th Cir. 2002) (citation omitted). Rather, district courts are given wide discretion in deciding whether to exercise jurisdiction under such circumstances. *See Heaton*, 231 F.3d at 997; *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993); *see also United Mine Workers*, 383 U.S. at 726 ("[P]endant jurisdiction is a doctrine of discretion, not of [a] plaintiffs right."). In exercising this discretion, courts should consider issues of judicial economy, convenience, and fairness to the litigants. *LaPorte Constr. Co.*, 805 F.2d at 1257. However, "no single factor is dispositive." *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008).

Here, because Plaintiff's federal claims are subject to dismissal for failure to state a claim, and determination of the claims did not require consideration of the state law claims, the Court should decline to exercise supplemental jurisdiction over his remaining state law claims, and they should be dismissed without prejudice to pursuing them in state court. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *Sibley v. Lemaire*, 184 F.3d 481, 490 (5th Cir. 1999) (affirming the district court's decision not to hold a jury trial on the state negligence claim after it granted summary judgment on the § 1983 claims).

## V. RECOMMENDATION

The plaintiff's federal law claims against the defendants should be **DISMISSED** with prejudice for failure to state a claim under 28 U.S.C. § 1915(e)(2)(b), and his remaining state law negligence claim should be **DISMISSED** without prejudice to pursuing it in state court.

---

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

**SO RECOMMENDED** on this 28t day of October, 2022.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE